UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JECKSAM T. VEGA-ALVAREZ,

    Petitioner,

v.                                        Case No. 8:25-cv-1461-WFJ-NHA

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Jecksam T. Vega-Alvarez, a Florida prisoner proceeding *pro se*, filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 10). Respondent filed a response in opposition. (Doc. 19). Although afforded the opportunity, Mr. Vega-Alvarez did not submit a reply. After careful review, the amended petition is **DENIED**.

In July 2023, Mr. Vega-Alvarez was charged with attempted first-degree murder. (Doc. 19-2, Ex. 2). The charge stemmed from an incident in which Mr. Vega-Alvarez fired a gun in the direction of his neighbor. (*Id.*, Ex. 3, at 1-2). In a separate, unrelated case, Mr. Vega-Alvarez was charged with aggravated battery on a law enforcement officer and resisting an officer with violence. (*Id.*, Ex. 1). In September 2024, Mr. Vega-Alvarez elected to resolve both cases by pleading *nolo contendere* to aggravated battery with a deadly weapon, resisting an officer with violence, and shooting into a building. (*Id.*, Ex. 4). In accordance with the plea agreement, Mr. Vega-Alvarez received a total sentence of

eight years' imprisonment. (*Id.* at 2; *id.*, Exs. 6-7). He did not file a direct appeal, nor did he pursue any form of postconviction relief in state court. *State v. Vega-Alvarez*, Nos. 2023-CF-5566 & 2024-CF-343, Docket (Fla. 10th Jud. Cir. Ct.). Instead, he sought federal habeas relief. (Doc. 10).

Even under *de novo* review, Mr. Vega-Alvarez is not entitled to relief on any of his claims. First, he argues that his right against double jeopardy was violated because "[p]rosecutors used perjured testimony with the knowledge and consent of [the] Trial Judge." (Doc. 10 at 5). As an initial matter, Mr. Vega-Alvarez fails to establish that any of his convictions violated double jeopardy. "[T]he double jeopardy clause protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *United States v. Bonilla*, 579 F.3d 1233, 1240 (11th Cir. 2009). Mr. Vega-Alvarez does not explain how any of these circumstances apply here. And the Court's independent review of the record discloses no double-jeopardy violation.[1]

Mr. Vega-Alvarez says the prosecution "used perjured testimony," which could be construed as an attempt to raise a claim under *Giglio v. United States*, 405 U.S. 150 (1972). "To establish a *Giglio* claim, a habeas petitioner must prove: (1) the prosecutor knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony; and (2) such use was material, *i.e.*, that there is any reasonable likelihood that

---

[1] In his amended petition, Mr. Vega-Alvarez refers to a traffic citation he received for exceeding the speed limit. (Doc. 10 at 5; *see also State v. Vega-Alvarez*, No. 2023-TR-1199 (Fla. 20th Jud. Cir. Ct.)). The citation was dismissed in May 2025. *State v. Vega-Alvarez*, No. 2023-TR-1199, Docket (Fla. 20th Jud. Cir. Ct.). Mr. Vega-Alvarez does not explain how the disposition of his traffic citation resulted in a double-jeopardy violation.

the false testimony could . . . have affected the judgment." *Guzman v. Sec'y, Dep't of Corr.*, 663 F.3d 1336, 1348 (11th Cir. 2011). Mr. Vega-Alvarez alleges no facts in support of his construed *Giglio* claim. He does not identify the "perjured testimony," nor does he explain how any allegedly false testimony was material. (Doc. 10 at 5). Accordingly, Mr. Vega-Alvarez fails to establish a *Giglio* violation.

Second, Mr. Vega-Alvarez challenges his arrest for aggravated battery and resisting an officer with violence, arguing that law enforcement violated his rights by using an "invalid warrant." (*Id.* at 7). Mr. Vega-Alvarez waived this claim by pleading *nolo contendere*. "A defendant who knowingly and voluntarily enters a plea of guilty [or *nolo contendere*] waives all nonjurisdictional challenges to his conviction." *Martin v. Kemp*, 760 F.2d 1244, 1246 (11th Cir. 1985); *see also Florida v. Royer*, 460 U.S. 491, 495 n.5 (1983) (under Florida law, "a plea of *nolo contendere* is equivalent to a plea of guilty"). Mr. Vega-Alvarez fails to show that his plea was unknowing or involuntary. Thus, he waived his challenge to the arrest.[2] *See Bussey v. Allen*, No. 18-14732-H, 2019 WL 11880263, at *1 (11th Cir. Apr. 11, 2019) (petitioner waived challenge to "arrest warrant" by "enter[ing] an *Alford* plea"); *Castillo-Perez v. United States*, No. 8:08-cr-527-SCB-MAP, 2011 WL 672356, at *2 (M.D. Fla. Feb. 17, 2011) ("Petitioner waived his right to bring any claim based on the fairness of his arrest by pleading guilty.").

---

[2] Contrary to Mr. Vega-Alvarez's assertion, any alleged infirmity in the arrest warrant did not deprive the trial court of subject-matter jurisdiction. *See, e.g.*, *State v. E.T.*, 560 So. 2d 1282, 1284 (Fla. 3d DCA 1990) ("[A]n accused person who has been illegally arrested has no justifiable basis to claim that he is immune from any prosecution whatever or that somehow the courts lack personal or subject-matter jurisdiction to try him because of the illegal arrest.").

Third, Mr. Vega-Alvarez contends that the trial court violated his constitutional rights by (1) summarily denying his stand-your-ground motion, (2) acting as "an advocate rather than . . . an impartial arbiter," and (3) engaging in "invidious discrimination" against him. (Doc. 10 at 8). Mr. Vega-Alvarez waived each of these claims by pleading *nolo contendere*. *See Christensen v. Sec'y, Dep't of Corr.*, No. 24-13006, 2025 WL 2877913, at *2 (11th Cir. Oct. 9, 2025) (guilty plea waived petitioner's claim that "the court was biased against him"); *United States v. Arnaiz*, 144 F. App'x 27, 31 (11th Cir. 2005) ("With regard to [defendant's] motion to dismiss the indictment, because he voluntarily pleaded guilty with the advice of competent counsel, he has waived any nonjurisdictional challenges to his indictment.").

Waiver aside, Mr. Vega-Alvarez fails to show that he is entitled to relief. The trial court dismissed the stand-your-ground motion as moot because Mr. Vega-Alvarez entered a plea of *nolo contendere*. (Doc. 19-2, Ex. 5). Mr. Vega-Alvarez does not explain how this disposition violated his constitutional rights. Moreover, Mr. Vega-Alvarez provides no factual support for his allegations that the trial court acted as "an advocate" and engaged in "invidious discrimination." (Doc. 10 at 8). These bare, unsupported assertions are insufficient to warrant habeas relief.[3] *See Hittson v. GDCP Warden*, 759 F.3d 1210, 1265 (11th Cir. 2014) (finding habeas petition "insufficient" because petitioner had "not alleged

---

[3] In his memorandum of law, Mr. Vega-Alvarez alleges that the prosecution "deliberately mishandl[ed], mistreat[ed], destroy[ed], [and] fabricat[ed] evidence." (Doc. 18 at 5). He also says that the prosecution "charg[ed] [him] with more offense[s] than warranted." (*Id.*) But Mr. Vega-Alvarez provides no additional information about these vague allegations. A petitioner cannot obtain habeas relief "when his claims are merely conclusory allegations unsupported by specifics." *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

any facts to support his allegations"); *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("[A] district court cannot be expected to do a [habeas] petitioner's work for him.").

Fourth, Mr. Vega-Alvarez appears to invoke the actual-innocence exception to the procedural-default doctrine, arguing that he "did not commit the crime for which [he was] convicted." (Doc. 10 at 10). A federal court may ignore a procedural default "where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). But the actual-innocence exception is inapplicable here because the Court has not determined that any of Mr. Vega-Alvarez's claims are procedurally defaulted. Regardless, Mr. Vega-Alvarez fails to show that, "in light of [] new evidence, no juror, acting reasonably, would have voted to find [him] guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). He thus fails to qualify for the actual-innocence exception.[4]

Accordingly, it is **ORDERED** that:

1. Mr. Vega-Alvarez's amended petition (Doc. 10) is **DENIED**.

2. The **CLERK** is directed to enter judgment against Mr. Vega-Alvarez and to **CLOSE** this case.

3. Because Mr. Vega-Alvarez neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find

---

[4] "[T]o the extent that [Mr. Vega-Alvarez] is attempting to put forth a freestanding claim of actual innocence based on newly discovered evidence, his claim is foreclosed." *Baker v. Att'y Gen.*, No. 18-12880-H, 2019 WL 3216850, at *2 (11th Cir. Feb. 13, 2019); *see also Wooten v. Sec'y, Fla. Dep't of Corr.*, No. 18-10690-J, 2019 WL 13217185, at *3 (11th Cir. Feb. 12, 2019) ("[F]reestanding claims of actual innocence based on newly discovered evidence are not cognizable in a federal habeas petition.").

- 6 -

debatable the merits of the underlying claims, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE** and **ORDERED** in Tampa, Florida, on November 17, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE